## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **AbbVie Inc. (a Delaware corporation); Allergan, Inc. (a Delaware corporation); Durata Therapeutics, Inc. (a Delaware corporation); AbbVie Products LLC (a Georgia limited liability company); Aptalis Pharma US, Inc. (a Delaware corporation); Pharmacyclics LLC (a Delaware limited liability company); Allergan Sales, LLC (a Delaware limited liability company)** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 1:24-cv-00184-HSO-BWR** |
| **LYNN FITCH, in her official capacity as the Attorney General of the State of Mississippi** | **DEFENDANT** |

## ANSWER AND DEFENSES OF DEFENDANT ATTORNEY GENERAL LYNN FITCH TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi ("Defendant"), by and through counsel, files this her Answer and Defenses to the Complaint for Declaratory and Injunctive Relief ("Complaint") [Dkt. #1] filed against her by Plaintiffs AbbVie, Inc., *et al.* ("Plaintiffs") herein, as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted, and Defendant moves for dismissal.

1

**SECOND DEFENSE**

Defendant affirmatively pleads the doctrine of sovereign immunity and the provisions and protections of the Tenth and Eleventh Amendments to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

**THIRD DEFENSE**

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Complaint paragraph by paragraph, Defendant answers and alleges as follows:

1.    The allegations contained in the first sentence of Paragraph 1 of Plaintiffs' Complaint are statements of intent, and as such require no response from Defendant. Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.    Except to state that the law, where applicable, will speak for itself, and except to further state that legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 Plaintiffs' Complaint and therefore denies the same.

6.      Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 Plaintiffs' Complaint and therefore denies the same.

7.      Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 Plaintiffs' Complaint and therefore denies the same.

8.      Except to state that the circuit court opinion referenced in Paragraph 8 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      Except to state that the circuit court opinion referenced in Paragraph 9 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.      Defendant admits that her office, on behalf of Mississippi, joined amicus briefs filed in both of the cases referenced in Paragraph 10 of Plaintiffs' Complaint.  The circuit courts' respective rulings in those cases, to the extent applicable, will speak for themselves.  Except to state that the Mississippi Legislature enacted H.B. 728 during its 2024 legislative session, and except to further state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

17.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     The allegations contained in Paragraph 21 of Plaintiffs' Complaint appear to be statements of intent, and as such require no response from Defendant.  If, however, Defendant is mistaken in her belief, and a response is necessary and/or the allegations contained in Paragraph 21 of Plaintiffs' Complaint are intended to or do adversely affect Defendant or anyone affiliated with Defendant, then Defendant denies all such allegations and further denies that Plaintiffs are entitled to any relief in the premises.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore denies the same.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore denies the same.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore denies the same.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore denies the same.

29.     Defendant admits that she is the Attorney General of Mississippi, and in that capacity she is the chief law enforcement officer of the State.  Plaintiffs' representation that General

Fitch is sued solely in her official capacity is a statement of intent, and as such requires no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.    Except to state that this Court has subject-matter jurisdiction over this matter, and except to further state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.    Except to state that this Court has subject-matter jurisdiction over this matter, and except to further state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.    Defendant admits that the Mississippi Attorney General's Office maintains offices in Jackson and Biloxi, Mississippi.  Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.    To the extent the allegations contained in Paragraph 34 of Plaintiffs' Complaint are statements of intent, they require no response from Defendant.  Except to state that the law, where applicable, will speak for itself, Defendant otherwise denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.    Except to state that the law review article referenced in Paragraph 35 of Plaintiffs' Complaint, to the extent applicable, will speak for itself, and except to further state that the law,

where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Except to state that the law, where applicable, will speak for itself, and except to further state that legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 Plaintiffs' Complaint and therefore denies the same.

37.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore denies the same.

40.     Except to state that the law, where applicable, will speak for itself, and except to further state that the Pharmaceutical Pricing Agreement referenced in Paragraph 40 of Plaintiffs' Complaint, to the extent applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Except to state that the Pharmaceutical Pricing Agreement referenced in Paragraph 41 of Plaintiffs' Complaint, to the extent applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Except to state that the law, where applicable, will speak for itself, and except to further state that the Pharmaceutical Pricing Agreement referenced in Paragraph 42 of Plaintiffs'

Complaint, to the extent applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore denies the same.

43.    Except to state that the publication referenced in Paragraph 43 of Plaintiffs' Complaint, to the extent applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint and therefore denies the same.

44.    Except to state that the law, where applicable, will speak for itself, and except to further state that congressional intent, as determined from accurate sources and where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.    Except to state that the law, where applicable, will speak for itself, and except to state that HRSA's final rules, where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.     Except to state that guidance issued by HRSA, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Except to state that guidance issued by HRSA, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Except to state that guidance issued by HRSA, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 Plaintiffs' Complaint and therefore denies the same.

57.     Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 Plaintiffs' Complaint and therefore denies the same.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 Plaintiffs' Complaint and therefore denies the same.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 Plaintiffs' Complaint and therefore denies the same.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 Plaintiffs' Complaint and therefore denies the same.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 Plaintiffs' Complaint and therefore denies the same.

62.     Except to state that the circuit court opinion referenced in Paragraph 62 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 Plaintiffs' Complaint and therefore denies the same.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 Plaintiffs' Complaint and therefore denies the same.

64.     Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 Plaintiffs' Complaint and therefore denies the same.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 Plaintiffs' Complaint and therefore denies the same.

66.     Except to state that the report referenced in Paragraph 66 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 Plaintiffs' Complaint and therefore denies the same.

67.     Except to state that the publications referenced in Paragraph 67 of Plaintiffs' Complaint, to the extent applicable, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 Plaintiffs' Complaint and therefore denies the same.

68.     Except to state that the report and publications referenced in Paragraph 68 of Plaintiffs' Complaint, to the extent applicable, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 Plaintiffs' Complaint and therefore denies the same.

69.     Except to state that the letter and publication referenced in Paragraph 69 of Plaintiffs' Complaint, to the extent applicable, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 Plaintiffs' Complaint and therefore denies the same.

70.     Except to state that the publications referenced in Paragraph 70 of Plaintiffs' Complaint, to the extent applicable, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 Plaintiffs' Complaint and therefore denies the same.

71.     Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 Plaintiffs' Complaint and therefore denies the same.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 Plaintiffs' Complaint and therefore denies the same.

73.     Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 Plaintiffs' Complaint and therefore denies the same.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 Plaintiffs' Complaint and therefore denies the same.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 Plaintiffs' Complaint and therefore denies the same.

76.     Except to state that the publication referenced in Paragraph 76 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 Plaintiffs' Complaint and therefore denies the same.

77.     Except to state that the HHS advisory opinion referenced in Paragraph 77 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 Plaintiffs' Complaint and therefore denies the same.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 Plaintiffs' Complaint and therefore denies the same.

79.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 Plaintiffs' Complaint and therefore denies the same.

80.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 Plaintiffs' Complaint and therefore denies the same.

81.    Defendant admits that her office, on behalf of Mississippi, joined amicus briefs filed in both of the cases cited in Paragraph 81 of Plaintiffs' Complaint.  The filed briefs, to the extent applicable, will speak for themselves in terms of their content.  Defendant denies the remaining allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.    Except to state that the circuit court opinion referenced in Paragraph 82 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.    Except to state that the circuit court opinion referenced in Paragraph 83 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.    Except to state that the circuit court opinion referenced in Paragraph 84 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.    Except to state that the circuit court opinion referenced in Paragraph 85 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.    Defendant admits that during the 2024 legislative session, the Mississippi Legislature enacted H.B. 728, entitled the "Defending Affordable Prescription Drug Costs Act," which Governor Tate Reeves signed into law on April 12, 2024.  Except to state that the circuit court opinion referenced in Paragraph 86 of Plaintiffs' Complaint, to the extent applicable, will speak for itself in terms of its content, and except to further state that legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     Except to state, on information and belief, that Plaintiffs have standing, and except to further state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 Plaintiffs' Complaint and therefore denies the same.

100.    Except to state, on information and belief, that Plaintiffs have standing, and except to further state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 Plaintiffs' Complaint and therefore denies the same.

101.    Except to state, on information and belief, that Plaintiffs have standing, and except to further state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 Plaintiffs' Complaint and therefore denies the same.

102.    Except to state, on information and belief, that Plaintiffs have standing, and except to further state that the law, where applicable, will speak for itself, Defendant is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 Plaintiffs' Complaint and therefore denies the same.

103.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    Except to state that the publications referenced in Paragraph 106 of Plaintiffs' Complaint, to the extent applicable, will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 Plaintiffs' Complaint and therefore denies the same.

107.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

## FIRST CLAIM FOR RELIEF

110.    Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

## <u>SECOND CLAIM FOR RELIEF</u>

120.    Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.    Defendant denies the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF

129.    Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

## FOURTH CLAIM FOR RELIEF

136.    Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

138.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 143 of Plaintiffs' Complaint.

## FIFTH CLAIM FOR RELIEF

144.    Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

## SIXTH CLAIM FOR RELIEF

148.    Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

153.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 153 of Plaintiffs' Complaint.

154.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 155 of Plaintiffs' Complaint.

Defendant denies the allegations contained in the unnumbered paragraph and Sub-paragraphs a through i thereunder, following Paragraph 155 of Plaintiffs' Complaint under the heading "PRAYER FOR RELIEF" and commencing "WHEREFORE," and Defendant further denies that Plaintiffs, or anyone, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, costs, or interest, or to any sum or relief whatsoever of, from, or against Defendant herein.

## **FOURTH DEFENSE**

Defendant denies each and every allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Defendant and/or secure declaratory relief, injunctive relief, or other relief, and Defendant denies that she or her employees or agents have been or can be guilty of any actionable conduct in the premises.

## FIFTH DEFENSE

Defendant invokes any and all rights and protections afforded to Defendant by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## SIXTH DEFENSE

Plaintiffs' Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

## SEVENTH DEFENSE

Defendant invokes all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

## EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of unclean hands in bar of Plaintiffs' claims.

## NINTH DEFENSE

Defendant reserves the right to amend her answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendant does not waive, and further reserves, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against her herein, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, respectfully requests that she be dismissed with prejudice from this action with her costs assessed to Plaintiffs.

THIS the 11th day of July, 2024.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI,
DEFENDANT

By:     LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:     s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
JOHN P. SNEED (MSB #7652)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
john.sneed@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 11th day of July, 2024.

s/Rex M. Shannon III
REX M. SHANNON III