**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); APTALIS PHARMA US, INC. (a Delaware corporation); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company)** | **No. 1:24-cv-00184-HSO-BWR** |
| *Plaintiffs* | |
| v. | |
| **LYNN FITCH, in her official capacity as the Attorney General of the State of Mississippi,** | |
| *Defendant* | |

## PROTECTIVE ORDER

Before the Court is the proposed Stipulated Protective Order submitted by the parties, pursuant to Federal Rule of Civil Procedure 26, to govern discovery in this action. This Protective Order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under Local Rule 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in Local Rule 79. This order

does not alter or amend those obligations. The Court hereby approves the Protective

Order and orders as follows:

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection would be warranted. Accordingly, the parties hereby stipulate to, and petition the court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are legitimately entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, in accordance with Local Rule 79 and as set forth in Section 7.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

2.    **"CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things: (a) information prohibited from disclosure by law; (b) information that reveals trade secrets; (c) medical information concerning any individual; (d) personal identity information; (e) personnel or employment records or portions thereof that reveal private information; or (f) such other sensitive commercial information that is not publicly available. Information or documents that are available to the public may not be designated as Confidential.

3.    **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also: (1) any information copied or extracted from confidential material; (2) all copies, excerpts, or compilations of confidential

material; and (3) any testimony, by parties or their counsel, that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## 4.    DURATION

The confidentiality obligations imposed by this Order shall remain in effect: (1) until a Designating Party agrees otherwise in writing; (2) a court order otherwise directs; (3)  all claims and defenses in this action are dismissed with or without prejudice; or (4) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material or portions of material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation.  Except as otherwise provided in this agreement or as otherwise stipulated or ordered, confidential material must be clearly so designated before or when the material is disclosed or produced. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

5.3    <u>Types of Protected Materials</u>. This section provides a non-exhaustive listing of specific types of Protected Materials and the manner for designating each type of material as Confidential.

a)    *Information in documentary form*. This subsection includes paper or electronic documents and deposition exhibits but excludes transcripts of depositions or other pretrial or trial proceedings. The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

5

markings in the margins). When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

b) *Testimony given in deposition or in other pretrial proceedings*. The parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fourteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential by notifying the court reporter and counsel for all parties. Until that designation is made, the entire transcript shall be treated as confidential. After 14 days, only those portions designated as confidential shall be so treated under this Order. If a party or non-party desires to protect confidential material at trial, the issue should be addressed during the pre-trial conference.

c) *Other tangible items.* The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.4    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction and notification of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge the designation of material as Confidential at any time. The challenging party must identify the challenged material(s) by Bates number. Unless a prompt challenge to a designating party's designation of material as Confidential is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation of material as Confidential by electing not to mount a challenge promptly after the original designation is disclosed. Until the challenge is resolved by the parties or the Court, the challenged material shall continue be treated as Confidential.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with other affected parties in an effort to resolve the dispute without court action, and that they have identified the material(s) at issue by Bates number. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If agreement is reached confirming or waiving the confidential designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has

complied with the meet-and-confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of Confidential Material</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

a)    the receiving party's counsel of record and any outside counsel, as well as employees of counsel;

b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary;

c)    experts, investigators and consultants employed or contracted by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)    the Court, court personnel, and court reporters and their staff;

e)      copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court; and

g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3      <u>Filing Confidential Material</u>. In the event any party wishes to use Confidential Information in any affidavits, briefs, memoranda, exhibits, motions, or other papers filed in Court in this action, such party shall take appropriate steps to safeguard Confidential Information, including ensuring compliance with all applicable Local Rules and district court rules. Where the papers to be filed contain Confidential Information not pertinent to the issue before the court, the Parties should redact such Confidential Information. In the event a party believes it is necessary to include un-redacted Confidential Information in a filing or exhibit to a filing with the Court, the party including such Confidential Information must file an accompanying motion to seal, in accordance with the procedure specified in Local Rule 79(e). If a party's request to maintain a submission containing Confidential Information under seal is denied and the party does not seek reconsideration under the applicable Local Rules or otherwise appeal the denial, then those submissions may be placed in the public record.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    a.    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or order shall not produce any information designated in this matter as "CONFIDENTIAL" before a determination by the court or other tribunal where the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection of its confidential material in that court.

9.    **NON-PARTY'S PROTECTED MATERIAL**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties is protected by the remedies and relief provided by this Order.

(b)    Any Party, in conducting discovery from Non-Parties in this action,

shall provide any Non-Party from which it seeks discovery with a copy of this Protective Order to inform each such Non-Party of its rights herein. The production of any Protected Information by any Non-Party shall be subject to and governed by the terms of this Protective Order.

(c)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(d)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the

court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

(a)    If a party inadvertently produces or provides a document subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures: (b) use its best efforts to retrieve all unauthorized copies of the Protected Material: (c) inform the Person or persons to whom unauthorized disclosures were made of all the terms of this Order: and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

---

[1]    The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    Inadvertent Production of Privileged Information. Pursuant to Federal Rules of Evidence 502, if a party inadvertently produces or provides a document subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

11.2    Discovery of Inadvertent Production Material. If a Receiving Party receives information that reasonably appears to be Inadvertent Production Material, it shall immediately provide written notice to counsel for the Producing Party.

11.3    Notice of Inadvertent Production Material. When a producing party gives notice to a receiving party in writing that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If the receiving party disputes the privilege claim in writing, it must notify the producing party within fourteen (14) days of receipt of the producing party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies. Other than in connection with seeking a determination by the Court, the receiving party may not

use inadvertently produced privileged information for any purpose until the dispute is resolved.

11.4   <u>Non-Use of Inadvertent Production Material</u>. If a Receiving Party discovers or receives notice of Inadvertent Production Material it shall promptly: (a) refrain from any further examination or disclosure of the Inadvertent Production Material for any purpose; and (b) return the claimed Inadvertent Production Material to counsel for the Producing Party, or at its option destroy it, and certify in writing to that fact.

## 12.   FINAL DISPOSITION

12.1   Unless the parties agree otherwise, within ninety days after the conclusion of the action, each party shall gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence, made an exhibit to any deposition, or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "**CONFIDENTIAL**," so long as that work product does not

duplicate verbatim substantial portions of the text or images of confidential documents. Any such work product retained by an attorney shall continue to be "**CONFIDENTIAL**" and shall be subject to this protective order. The attorney may use his or her work product in other litigation provided that the attorney does not disclose the confidential documents.

13.    **ORDER SUBJECT TO MODIFICATION**

This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**SO ORDERED**, this the 18th day of November 2024.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

AGREED TO:

_/s/ Matthew S. Owen_
MATTHEW S. OWEN (*pro hac vice*)
MEREDITH M. POHL (*pro hac vice*)
*Counsel For Plaintiffs*

_/s/ William Smith, Sr._
WILLIAM SMITH, SR. (MSB #7635)
MATTHEW G. WARREN (MSB #106349)
*Counsel For Plaintiffs*

_/s/ Rex M. Shannon III_
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General
JOHN P. SNEED (MSB #7652)
Special Assistant Attorney General
*Counsel For Defendant*

16