AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| AbbVie, Inc. et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-00184-HSO-BWR |
| Lynn Fitch, In Her Official Capacity as the Attorney General of Mississippi | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: North Sunflower Medical Center Pharmacy
860 N. Oak Ave, Suite A - Ruleville, MS 38771

*(Name of person to whom this subpoena is directed)*

☑ **Production:** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: | Date and Time: |
|---|---|
| Tannehill Carmean, PLLC<br>829 N. Lamar Blvd, Unit 1, Oxford, MS 38655 | 01/23/2025 5:00 pm |

☐ **Inspection of Premises:** **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/09/2024

*CLERK OF COURT*

OR

_____          /s/ William Smith, Sr.
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AbbVie Inc., et al.
William Smith, Sr. , who issues or requests this subpoena, are:

Balch & Bingham LLP, 188 E Capitol Street, Suite 1400, Jackson, MS 39201, bsmith@balch.com, (601) 965-8175

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-00184-HSO-BWR

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); APTALIS PHARMA US, INC. (a Delaware corporation); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company),<br><br>   *Plaintiffs*,<br> v.<br><br>LYNN FITCH, in her official capacity as the Attorney General of the State of Mississippi,<br><br>   *Defendant*. | No. 1:24-cv-00184-HSO-BWR |

**NORTH SUNFLOWER MEDICAL CENTER PHARMACY'S SUBPOENA**
**EXHIBIT A**

**DEFINITIONS**

  Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Subpoena, the following terms are to be interpreted in accordance with these definitions:

  1. "340B Program" means the drug discounting program provided for by 42 U.S.C. § 256b.

  2. "Audit" means the audit procedure provided for under 42 U.S.C. § 256b(a)(5)(C)

where Covered Entities "shall permit the Secretary and the manufacturer of a covered outpatient drug . . . to audit . . . the records of the entity that pertain to the entity's compliance with the requirements described in subparagraphs (A) or (B) with respect to drugs of the manufacturer."

3. "You" or "Your" means and refers both individually and collectively to North Sunflower Medical Center Pharmacy ("NSMC Pharmacy") and Mike Gilbow as the Director at Sunflower Medical Center Pharmacy.

4. "Litigation" means *AbbVie Inc. et al. v. Lynn Fitch*, Case No. 1:24-cv-00184-HSO-BWR.

5. "Document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document. "Document(s)" includes all forms of electronic data and other information stored on electronically stored media ("ESI"). "Document(s)" also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

6. "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

7. "Communication(s)" means any transmission of information, including drafts, whether oral or written.

8. "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and

divisions, departments, or other units thereof, and include all of the Person's or Entity's principals, employees, agents, attorneys, consultants, and other representatives.

9. "Covered Entity" or "Covered Entities" has the same meaning as that provided at 42 U.S.C. § 256b(a)(4).

10. "State" or "Attorney General" means the Attorney General of Mississippi, Lynn Fitch.

11. "Contract Pharmacy" or "Contract Pharmacies" means a pharmacy that has entered into a contractual arrangement with a Covered Entity with respect to dispensation of 340B-priced drugs.

12. "Diversion" has the same meaning provided by 42 U.S.C. § 256b(a)(5)(B); *id.* at § 256b(d)(2)(A).

13. "Duplicate Discount" has the same meaning provided by 42 U.S.C. § 256b(a)(5)(A); *id.* at § 256b(d)(2)(A).

14. Replenishment Model" or "Replenishment Order" refers to any inventory management process or methodology—or order placed thereunder—used by a Contract Pharmacy to replenish drugs dispensed under the 340B Program, including but not limited to virtual replenishment inventory, physical inventory, credit-based replenishment models, or other similar mechanisms.

15. "Your Covered Entities" refers to those Covered Entities with whom You have entered into a contract with respect to the dispensing of 340B-priced drugs.

16. The terms and phrases "relating," "regarding," "concerning," "referring or relating to," "reflecting," and any variant thereof are used in their broadest sense to include any connection, relation, or relevance.

17. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the Request most inclusive.

18. "Including" means "including without limitation."

19. The use of the singular form of any word includes the plural and vice versa.

20. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

21. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## INSTRUCTIONS

Unless otherwise specified in a Production Request below, the following Production Requests apply from December 30, 2020 to the present.

1. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived, sufficient to permit rendering the materials intelligible.

2. If there are no Documents, Things, or Communications responsive to any particular Request, You should so state in writing rather than leave the Request unanswered.

3. If You withhold from production any Document, Thing, or Communication requested herein on grounds of attorney-client privilege, work-product immunity, or otherwise, You shall provide a list identifying the specific grounds upon which the objection is based and the particular Request(s) objected to, and identifying any withheld Document, Thing, or Communication, or portions thereof as follows:

    a. Its date of creation;

    b. The identity of all Persons who prepared and/or signed the Document, Thing, or Communication;

   c. The general nature of the Document, Thing, or Communication (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

   d. A summary of its content, or the general subject matter of the Document, Thing, or Communication;

   e. A listing of all Persons, including, but not limited to, the addressees, to whom copies of the Document, Thing, or Communication have been disclosed; and

   f. The nature of the privilege or other rule of law relied upon to withhold the Document, Thing, or Communication.

  4. Different versions of the same Documents, Things, or Communications, handwritten notes or notation in any form, draft Document, Thing, or Communication, and Documents, Things, or Communications with handwritten notations or marks not found in the original or on other copies are considered to be different Documents, Things, or Communications for the purpose of production in compliance with these Requests, and each form should be produced separately.

  5. Each Document, Thing, and Communication produced in response to these Requests shall be produced along with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the Document, Thing, or Communication at any time. Documents, Things, and Communications attached to each other must not be separated.

## REQUESTS FOR PRODUCTION

  1. Any agreements entered into between You and any Covered Entity with respect to the 340B Program.

  2. Any agreements entered into between You and any Third-Party Administrator with respect to the 340B Program.

  3. Documents and Communications sufficient to show any "patient" definition(s) You use on behalf of Your Covered Entities and/or Third-Party Administrators, including but not

limited to any formulas, algorithms, methodologies, criteria, or processes utilized to determine whether an individual qualifies as a "patient" of Your Covered Entities.

4. Documents and Communications sufficient to show any prior "patient" definition(s) You have used on behalf of Your Covered Entities and/or Third-Party Administrators, including any changes to such definitions over time, as well as the dates and reasons for those changes.

5. Documents and Communications reflecting any advice or guidance You have received from Covered Entities and/or Third-Party Administrators with respect to their 340B "patient" definition(s).

6. Documents sufficient to show what inventory models You use, including whether You use any Replenishment Model for 340B-priced drugs, and if so, the type(s) of Replenishment Model(s) utilized.

7. Documents and Communications concerning the placement of Replenishment Orders, including invoices for drugs You ordered at the 340B price.

8. Documents sufficient to show who holds and/or maintains title to 340B-priced drugs at Your pharmacy locations.

9. Documents and Communications sufficient to show the amount of Your revenue derived from the federal 340B Program as a portion of Your total annual revenue.

10. Documents and Communications sufficient to show any fees, payments, or other financial arrangements between You and Your Covered Entities related to 340B dispensing events or revenue.

11. Documents and Communications sufficient to show the methods by which You pass 340B discounts to patients of Your Covered Entities at the point of sale at Your pharmacy

locations.

12. Documents and Communications related to Your restocking process, methods, and procedures when a shipment of prescription drugs is delivered at any of Your locations, including the differences between that process, method, and procedure for a commercially priced (WAC) drug and a 340B-priced drug, if any.

13. Documents and Communications sufficient to show the methods, protocols, and procedures by which You and/or Your Covered Entities identify and prevent Diversion.

14. Documents and Communications sufficient to show the methods, protocols, and procedures by which You and/or Your Covered Entities identify and prevent Duplicate Discounting.